UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUTH F., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C20-5603-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1955.[1] Plaintiff has limited education and worked as a composite job of production helper and a baker. (AR 21, 37, 212.) Plaintiff filed an application for DIB on February 27, 2017, alleging disability beginning July 27, 2013. (AR 176–77.) The

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

application was denied at the initial level and on reconsideration. On June 11, 2019, the ALJ held a hearing and took testimony from Plaintiff and a vocational expert (VE). (AR 27–59.) On July 25, 2019, the ALJ issued a decision finding Plaintiff not disabled. (AR 12–22.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on April 22, 2020 (AR 1–6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this Court.[2]

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520 (2000).

---

[2] Plaintiff filed a Notice of Supplemental Authority (Dkt. 33) consistent with LCR 7(n) bringing to the Court's attention the following authority issued after the date Plaintiff's last brief was filed: *Collins v. Yellen*, 594 U.S. __ (2021) and Memorandum Opinion for the Deputy Counsel to the President on the Constitutionality of the Commissioner of Social Security's Tenure Protection, 45 Op. O.L.C. __ (July 8, 2021). Upon consideration of this authority, the Court finds that the authority would not affect the disposition of this case.

ORDER
PAGE - 2

At step one, the ALJ must determine whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 17.)

At step two, the ALJ must determine whether a claimant suffers from a severe impairment. The ALJ found Plaintiff has the following severe impairments: status post myocardial infarction and coronary artery disease with status post stenting. (AR 17.) The ALJ found that Plaintiff has the following medically determinable impairments that do not rise to the level of severe: hypertension, hyperlipidemia, chronic obstructive pulmonary disease, dermatitis, and lipomas. (AR 17.) The ALJ also found that Plaintiff has the following conditions that are not medically determinable impairments: depression, anxiety, bilateral knee pain, neck pain, and shoulder pain. (AR 18.)

At step three, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 18.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform medium work, as defined in 20 C.F.R. § 404.1567(c), with the following limitations: "claimant was able to have only occasional exposure to concentrated levels of dust, fumes, gases, poor ventilation, etc." (AR 18.) With that assessment and with the assistance of a VE, the ALJ found that Plaintiff was able to perform past relevant work. (AR 21.)

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant

retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Because the ALJ found that Plaintiff was able to perform past relevant work, he did not reach step five.

Plaintiff argues that the ALJ erred (1) in his weighing of the medical opinion evidence, (2) in his consideration of Plaintiff's allegations regarding the impact of her impairments on her ability to perform basic work activities, and (3) in his consideration of the function report completed by Plaintiff's husband. Plaintiff requests remand for an award of benefits. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

**1. Medical Opinions**

Social security regulations in force at the time Plaintiff filed her application require the ALJ to give "controlling weight" to treating physician's opinions if they were "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record."[3] 20 C.F.R. § 404.1527(c)(2). Under these regulations, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight should be given to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* at 830–31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

---

[3] In 2017, the Social Security Administration amended its regulations and removed the "controlling weight" requirement for all applications filed after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Because Plaintiff's claim was filed before March 27, 2017, the new rules are not applicable to Plaintiff's case.

ORDER
PAGE - 4

With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

A. Dr. Norman Staley, M.D.

On September 9, 2017, Dr. Staley, a reviewing consultant for the Disability Determination Services, reviewed Plaintiff's medical records and opined that Plaintiff could occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, and sit, stand, and/or walk for six hours in an eight-hour work day. (AR 74.) These ratings are consistent with the regulatory definition of light work. 20 C.F.R. § 404.1567(b). Dr. Staley noted that he based his opinion on a July 2013 ultrasound of Plaintiff's heart that found that Plaintiff's heart had an ejection fraction[4] of 50%. (AR 74.)

The regulations applicable to Plaintiff's case require the ALJ to weigh medical opinions regardless of the source. 20 C.F.R. § 404.1527(c). The ALJ generally gives more weight to the medical opinion of an examining doctor than to a non-examining doctor; however, in deciding the weight to give to any medical opinion, the ALJ considers factors such as the examining relationship, the treatment relationship, supportability, consistency, specialization, and other factors which tend to support or contradict the opinion, including the source's understanding of the agency's disability program and evidentiary requirements, and the source's familiarity with the case record. *Id.* The ALJ gave little weight to Dr. Staley's opinion. (AR 20.) The ALJ found that Dr. Staley's opinion was inconsistent with the record, which contained evidence of "normal findings of auscultation, arterial findings, rate and rhythm, gait, muscle movements, muscle strength, and respiratory effort." (AR 20–21, citing AR 278, 284, 287, 295, 303, 313, 390, 398,

---

[4] An ejection fraction measures the amount of blood leaving the heart when it contracts. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 4.00D(1)(i)

ORDER
PAGE - 5

406, 454.) The ALJ also found that a subsequent stress test of Plaintiff's heart found normal findings, including a 77% ejection fraction. (AR 20, citing AR 415–29.)

Plaintiff argues that the ALJ erred by failing to give clear and convincing reasons for giving Dr. Staley's opinion little weight. An ALJ is required to give clear and convincing reasons for rejecting the uncontradicted medical opinion of a treating or examining physician's opinion. *Lester*, 81 F.3d at 830. However, where, as here, the ALJ weighs the opinion of a non-examining physician, the ALJ may reject that opinion "by reference to specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). The ALJ cited to specific evidence in the medical record showing that Dr. Staley's opinion limiting to Plaintiff to light work was inconsistent with evidence of normal arterial, muscular, and respiratory findings. (AR 20–21.) Additionally, the ALJ cited to specific evidence that Dr. Staley relied on a 2013 finding of 50% ejection fraction that was inconsistent with a 2015 finding showing Plaintiff's ejection fraction improved to 77%, a result that was assessed as "normal." (AR 20, 415.) Accordingly, the Court finds that the ALJ did not err in weighing Dr. Staley's opinion.

### B. Plaintiff's Symptom Testimony

Plaintiff contends that the ALJ improperly evaluated Plaintiff's testimony. The rejection of a claimant's subjective symptom testimony[5] requires the provision of specific, clear, and convincing reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136–37 (9th Cir. 2014) (citing, 674 F.3d at 1104; *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence

---

[5] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

ORDER
PAGE - 6

undermines the claimant's complaints." *Lester*, 81 F.3d 821 at 834. An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not when it merely lacks support in the medical evidence. *See Carmickle v. Comm'r Social Sec. Admin*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("[L]ack of medical evidence cannot form the sole basis for discounting pain testimony.").

Plaintiff alleges that she is unable to work because she gets winded and needs to stop, medicine makes her sleepy, and she experiences chest pressure, sometimes pain, and upper back pain. (AR 222.) She further testified that she had to take a lot of breaks while taking care of her father's garden, vacuuming, and cleaning, could lift 25 pounds, and could not do anything longer than five or ten minutes. (AR 49, 227.) The ALJ found that "the claimant's severe medically determinable impairments could reasonably be expected to cause the alleged symptoms." (AR 19.) However, the ALJ found that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (AR 19.)

Plaintiff argues that the ALJ failed to give specific, clear, and convincing reasons for rejecting the Plaintiff's allegations about her impairments. Specifically, Plaintiff argues that the ALJ ignored qualifying statements regarding her performance of daily activities, such as Plaintiff's need to take a lot of breaks and pace herself. Here, the ALJ considered Plaintiff's testimony regarding her alleged exertional limitations and need to take frequent rests (AR 20); however, the ALJ found Plaintiff's testimony inconsistent with her statements that she was still able to continue with gardening and walk her dogs. (AR 20.) The ALJ also found that Plaintiff successfully completed her stress test and that Plaintiff reported in recent treatment notes that she did not have

ORDER
PAGE - 7

exertional chest, left shoulder, or jaw discomfort, but that Plaintiff attributed this lack of discomfort to her sedentary lifestyle. (AR 20, citing AR 415–29, 599.) The ALJ thus gave specific, clear, and convincing reasons for discounting Plaintiff's testimony based on inconsistencies between Plaintiff's daily activities, the medical evidence, and Plaintiff's testimony of debilitating exertional limitations. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (an ALJ properly considers prior inconsistent statements in evaluating a claimant's testimony); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("[T]he medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Plaintiff also argues that the ALJ failed to explain how his findings regarding inconsistencies between Plaintiff's symptom testimony and Plaintiff's daily activities "provided a sufficient basis for measuring Plaintiff's ability to engage in even simple activities, let alone performing work at the medium exertional level on an 8-hour a day, five day a week basis." Pl. Br. at 5–6. An ALJ may discount a Plaintiff's symptom testimony where the "claimant is able to spend a substantial part of his day engaged in pursuits involving the performing of physical functions that *are* transferrable to a work setting." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (emphasis in original); *see also Morgan v. Comm'r of Social Sec. Admin*, 169 F.3d 595, 600 (9th Cir. 1999) (claimant's ability to fix meals, do laundry, work in the yard, and occasionally care for his friend's child was evidence of claimant's ability to work). Here, the ALJ found that Plaintiff reported being able to manage her personal care and hygiene, prepare meals, perform household cleaning and yardwork, drive, go shopping, and go to the laundry mat. (AR 20, citing AR 222–29.) Plaintiff has not pointed to anything in the record that may reconcile the inconsistency between her alleged inability to work and her documented ability to complete various household chores and personal tasks. *See Fair*, 885 F.2d at 604 ("If [claimant's] pain is not severe enough to motivate

ORDER
PAGE - 8

him to seek treatment or follow his doctor's advice, and if [claimant] remains able to perform ordinary household and personal tasks, then he has not carried his burden of proving that his pain prevents him from returning to his former job."); *see also Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998) ("[A]t all times, the burden is on the claimant to establish her entitlement to disability insurance benefits."). Therefore, the ALJ gave specific, clear and convincing reasons supported by substantial evidence for discounting Plaintiff's testimony regarding debilitating exertional limitations. *See* 20 C.F.R. § 404.1529(c)(4) ("We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence . . . .").

Additionally, any error in the ALJ's evaluation of Plaintiff's subjective testimony would be harmless because the ALJ accounted for Plaintiff's alleged exertional limitations in the RFC. *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012) (an error is harmless if it is "inconsequential to the ultimate nondisability determination"). Here, the ALJ considered Plaintiff's medical record and "ongoing complaint about shortness of breath with heavy exertion" when finding that "the claimant is able to perform work at the medium level with some environmental limitations." (AR 20.) Therefore, even if the ALJ erred in evaluating Plaintiff's testimony regarding Plaintiff's exertional imitations, the ALJ's error would harmless because the RFC accounted for Plaintiff's alleged exertional limitations.

**C. Lay Testimony**

Plaintiff contends that the ALJ failed to properly evaluate the function report completed by Plaintiff's husband. "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir.

ORDER
PAGE - 9

2001). An ALJ may discount lay witness testimony on grounds that it conflicts with the medical evidence. *Id.*

The ALJ found that, "although the claimant's husband does observe her on a daily basis, he is not a medical source, and is unable to provide a function-by-function analysis of the claimant's limitations." (AR 21.) The ALJ gave little weight to Plaintiff's husband's opinion "as it does not indicate the extent of what levels the claimant is still able to perform work." (AR 21.) An ALJ may not discount lay testimony on the basis of its relevance to medical conclusions. *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009). However, "[w]here lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony," an error in addressing the nonmedical-source statement is harmless. *Molina*, 674 F.3d at 1117. Here, Plaintiff's husband's function report is substantially similar to the function report and exertional limitations alleged by Plaintiff. As described above, the ALJ reasonably concluded that Plaintiff's prior statements and the medical evidence were inconsistent with Plaintiff's claims of debilitating limitations. *Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting [claimant's] own subjective complaint, and because [the lay] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting her testimony."). Therefore, even if the ALJ erred in his evaluation of Plaintiff's husband's opinion, this error would be harmless because the lay opinion was similar to Plaintiff's subjective testimony and the ALJ gave germane reasons for rejecting Plaintiff's testimony. *See Molina*, 674 F.3d at 1115 (an error is harmless if it is "inconsequential to the ultimate nondisability determination").

ORDER
PAGE - 10

**CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 25th day of August, 2021.

MARY ALICE THEILER
United States Magistrate Judge